

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO D. MARTIN,

    Petitioner,

v.                              CASE NO. 2:11cv518

HAROLD CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

The petitioner, Antonio D. Martin, was convicted in the Circuit Court of Henry County of robbery and subsequently sentenced on June 26, 2008, to serve a term of ten years in prison. Martin appealed his conviction to the Court of Appeals of Virginia, which affirmed

the conviction on December 12, 2008. Martin filed a petition for appeal with the Supreme Court of Virginia, which was refused summarily on August 25, 2009. Martin filed a petition for rehearing in the Supreme Court of Virginia, which was denied on November 13, 2009.

On October 11, 2010,[1] Martin petitioned the Supreme Court of Virginia for a writ of habeas corpus. The court dismissed Martin's state habeas petition on March 30, 2011.

### B. The Instant Petition

On September 7, 2011,[2] while in the custody of the Virginia Department of Corrections at Baskerville Correctional Center, Martin submitted for filing the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and an affidavit in support. ECF Nos. 1-2. On December 20, 2011, the respondent filed his Rule 5 Answer,

---

[1] While Martin's state habeas petition is marked as having been received and filed by the Supreme Court of Virginia on October 15, 2010, the petition appears to have been executed and mailed on October 11, 2010. The record transmitted from the Supreme Court of Virginia does not include the postmarked envelope in which Martin's state habeas petition was delivered, but for statute-of-limitations calculation purposes, this Court will assume, without finding, that the petition was "deposited in the institution's internal mail system with first-class postage prepaid" on the date stated on the petition's certificate of service. See Va. Sup. Ct. R. 3A:25; Austin v. Johnson, No. 2:08cv135, 2009 WL 260482, at *5 n.8 (E.D. Va. Feb. 2, 2009).

[2] The petition was received by the Court on September 16, 2011, but the petition includes a notarized statement that it was deposited in the prison mail system on September 7, 2011, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.

a motion to dismiss accompanied by a supporting brief, and a <u>Roseboro</u> Notice pursuant to Local Rule 7(K). ECF Nos. 11-14. On January 11, 2012, the Court received and filed the petitioner's response brief and a supporting affidavit. ECF Nos. 16-17.

### C. **Grounds Alleged**

The petition asserts that Martin is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) The evidence was insufficient to sustain a conviction for robbery because (a) the defendant was identified by a store employee based upon an unduly suggestive photographic line-up, (b) the testimony of this same store employee was contradicted by the testimony of second store employee who was present at the time of the robbery, (c) the defendant was further identified based upon "blurry" surveillance video footage, and (d) no fingerprint or DNA evidence linked the petitioner to the robbery;

(2) Unspecified violations of the petitioner's due process rights based upon (a) conflicting testimony of two store employees, (b) identification of the defendant based upon the "blurry" surveillance video footage, and (c) identification of the defendant by a store employee based upon a photographic line-up in which the defendant was not represented by counsel;

(3) Ineffective assistance of counsel because (a) trial counsel failed to fully investigate the charges and evidence against the petitioner prior to trial, (b) trial counsel failed to impeach

- 3 -

the testimony of the store employee who identified the defendant based on the conflicting testimony of another store employee who was present at the time of the robbery, and (c) trial counsel failed to obtain surveillance video footage from stores near the one he allegedly robbed; and

(4) The state habeas court erred in declining to review certain of the petitioner's claims on collateral review.

Martin asserted claims (1)(a), (b), and (d) on direct appeal. These claims were denied on the merits by the Court of Appeals of Virginia, and an appeal to the Supreme Court of Virginia was summarily refused. Martin asserted claims (1), (2), and (3) in subsequent state habeas proceedings. Claim (1)(c) was denied by the Supreme Court of Virginia on procedural default grounds, claims (1)(a), (b), and (d) were denied on the ground that they had previously been raised and decided on direct appeal, and claims (2) and (3) were denied on the merits. Martin raises claim (4) for the first time in the instant federal petition for a writ of habeas corpus.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The Petitioner's Claim of Error on Collateral Review

In claim (4), Martin contends that the state habeas court erred in declining to review certain of Martin's claims, asserted here as claims (1)(a), (b), and (d). The Virginia Supreme Court held that each of these claims was barred from state habeas review pursuant to the rule established in Henry v. Warden, 576 S.E.2d 495, 496 (Va.

- 4 -

2003) ("[A] non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding."). But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, "a challenge to procedures employed by a state habeas court is not cognizable on federal habeas review." Powell v. Kelly, 531 F. Supp. 2d 695, 736 (E.D. Va. 2008); see also Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998).

### B. The Petitioner's Remaining Claims

The Court does not reach the merits of Martin's remaining claims because the petition is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, id. at § 2244(d)(1), and the circumstances in which the limitation period may be tolled, id. § 2244(d)(2).

#### 1. Calculation of the Applicable Limitation Period

The AEDPA provides that:

The limitation period shall run from the latest of—

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period for filing a federal habeas corpus petition commences when the petitioner's conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). The Supreme Court of Virginia refused Martin's petition for appeal on August 25, 2009, and denied his petition for rehearing on November 13, 2009. Martin had 90 days to petition the United States Supreme Court for certiorari, or until February 11, 2010. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Martin's conviction became final on that date.

Thus, absent any applicable tolling period, Martin had until February 11, 2011, to file his federal petition for a writ of habeas corpus.

## 2. Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Martin filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on October 11, 2010, which was subsequently denied on March 30, 2011. Accordingly, the limitation period was tolled for a period of 170 days while state collateral review was pending.

When Martin filed his state habeas petition, 242 days had passed since his conviction had become final. Upon denial of his state habeas petition, the limitation period began to run again for an additional period of 123 days (one year less 242 days), ending on July 31, 2011. Because that date fell on a Sunday, Martin had until the following Monday, August 1, 2011, to file his federal petition for a writ of habeas corpus. Martin filed the instant petition on September 7, 2011, thirty-seven days later.

Accordingly, the instant petition is time-barred unless there are grounds for equitable tolling of the statute of limitations.

## 3. Equitable Tolling

In addition to a period of statutory tolling, the petitioner may be entitled to equitable tolling of the statute of limitations. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Moreover, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. Pace, 544 U.S. at 418.

Liberally construed, the petitioner's various filings in this case advance two arguments in support of the petitioner's entitlement to equitable tolling. First, the petitioner suggests, in conclusory fashion, that the alleged ineffectiveness of counsel may excuse his untimeliness. But the only such allegations in this case involve the performance of Martin's counsel at his criminal trial, and these alleged pre-conviction failures of trial counsel are simply unrelated to Martin's failure to timely file a federal habeas petition after his conviction became final.

Second, the petitioner suggests, again in conclusory fashion, that he is entitled to equitable tolling because he is "actually innocent." But neither the Fourth Circuit nor this Court has recognized "actual innocence" as a ground for equitable tolling. See DiCaprio-Cuozzo v. Johnson, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010). Moreover, even if "actual innocence" did provide a basis for equitable tolling, Martin has failed to articulate any facts to suggest that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." See id.

Accordingly, the petitioner has failed to demonstrate that he is entitled to any period of equitable tolling.

### III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Martin's petition for a writ of habeas corpus (ECF No. 1) be DENIED, that the respondent's motion to dismiss (ECF No. 11) be GRANTED, and that all of Martin's claims be DISMISSED WITH PREJUDICE.

Martin has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with

a copy thereof. See Fed. R. Civ. P. 72(b)(2)

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 21, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Antonio D. Martin, #1094232
Baskerville Correctional Unit
Route 1, Box 65
Baskerville, VA 23915

Rosemary Bourne, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

March 21, 2012