**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED

MAY 8 2012

ANTONIO D. MARTIN,

    Petitioner,

v.                                  Case No.: 2:11cv518

HAROLD CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of Henry County, Virginia, for robbery, as a result of which he was sentenced to serve a term of ten years in prison.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on March 21, 2012, recommending that the petition be denied and dismissed with prejudice. ECF No. 19. By copy of the report, each party was advised of his right to file written objections to the findings

and recommendations made by the magistrate judge. On April 5, 2012, the Court received and filed the petitioner's written objections. ECF No. 20. The respondent filed no response to the petitioner's objections.

In his report, the magistrate judge found that all but one of the petitioner's claims are barred by the AEDPA's one-year statute of limitations.[1] See 28 U.S.C. § 2244(d). In so finding, the magistrate judge noted that the limitations period began to run on February 11, 2010, the date when the petitioner's conviction became final. The limitations period ran for 242 days until the petitioner filed his state habeas petition on October 11, 2010. Pursuant to § 2244(d)(2), the limitations period was tolled until the petitioner's state habeas petition was denied by the Supreme Court of Virginia on March 30, 2011. The limitations period then began to run again for an additional period of 123 days, ending on July 31, 2011. Because that date fell on a Sunday, the petitioner had until Monday, August 1, 2011, to file a timely federal petition for a writ of habeas corpus. The instant petition was not filed until September 7, 2011, thirty-seven days later.

The magistrate judge considered whether the petitioner was entitled to equitable tolling of the statute of limitations,

---

[1] The magistrate judge found the petitioner's remaining claim to be noncognizable on federal habeas review, a finding to which the petitioner has not objected.

finding that he was not. The petitioner's written objection addresses this finding alone.

In his objection, the petitioner argues that he is entitled to equitable tolling due to the inadequacy of the prison library at Baskerville Correctional Center. Specifically, he alleges that the prison library computer contained an outdated version of the AEDPA.[2] But "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." Scott v. Johnson, 227 F.3d 260, 263 n.3 (5th Cir. 2000); see also Murray v. Johnson, No. 2:09cv476, 2010 WL 1372764, at *5 (Mar. 11, 2010) ("[A]llegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' necessary to justify equitable tolling.").

Moreover, the petitioner has failed to demonstrate "that he has been pursuing his rights diligently." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). To make the requisite showing of

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 extensively amended certain of the statutes governing federal habeas corpus proceedings, 28 U.S.C. § 2241 et seq. The last substantive amendment to any of these statutes, however, was by the Military Commissions Act of 2006, enacted years before the petitioner's underlying conviction. The petitioner's objection does not state how outdated the prison library resources were, nor does it explain how this constituted an obstacle to the timely filing of his federal habeas petition.
  The petitioner also references the Prison Litigation Reform Act of 1995, but the PLRA largely pertains to ordinary civil actions involving prisoners. The PLRA does not govern habeas proceedings.

diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 1998) (internal quotation marks omitted).

> To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition. He must show "when he found out about the library's alleged deficiency," must "state any independent efforts he made to determine when the relevant limitations period began to run," and must demonstrate how the prison "thwarted his efforts." Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient.

Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton v. Sec'y for Dep't of Corrs., 259 F.3d 1310, 1314 (11th Cir. 2001). Here, the petitioner provides none of this information whatsoever.[3]

---

[3] Indeed, the only information provided in support are three exhibits submitted by the petitioner as attachments to his objection: (1) a letter from another prisoner, Richard Talbert, to the Attorney General's Office, dated October 3, 2011, asserting that the prison library computer had an outdated version of the AEDPA, and requesting that the computer be updated; (2) a letter from a prison staff member to Mr. Talbert, dated December 15, 2011, responding to Talbert's October 3 letter and advising that the U.S. Code and Virginia Statutes on the prison library computer were fully updated; and (3) an Offender Request Form documenting a February 8, 2012, request by yet another prisoner, Matthew Kirby, that the prison library computer be updated, and a February 20, 2012, response by a prison staff member advising that the computer had been updated most recently on February 14, 2012. Notably, these documents reflect communications that occurred months after the

Accordingly, the petitioner's objection is OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on March 21, 2012 (ECF No. 19), and it is, therefore, ORDERED that the respondent's motion to dismiss (ECF No. 11) be GRANTED and that the petition (ECF No. 1) be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the

---

limitations period expired with respect to the petitioner's claims, they exclusively concern other prisoners and not the petitioner, and the prison officials' responses in these documents suggest that the prison library computer was in fact up to date.

- 6 -

petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

May 9 , 2012